UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler |
| | : | |
| v. | : | |
| | : | |
| VINCENT YOUNG, | : | |
| a/k/a "No Good," | : | |
| a/k/a "Good," | : | |
| a/k/a "Big Head," | : | |
| ALTARIQ GUMBS, | : | Criminal No. 07-143 (SRC) |
| a/k/a "Killer Reek," | : | |
| a/k/a "Killer," | : | |
| a/k/a "Reek," | : | |
| a/k/a "Jersey," | : | |
| a/k/a "Sankofa," | : | |
| MARY HOLMES, | : | COMPLEX CASE, DISCOVERY |
| a/k/a "Mary Brim," | | AND INSPECTION ORDER |
| a/k/a "Ma," | : | |
| TORIEN BROOKS, | : | |
| a/k/a "B.G.," | : | |
| a/k/a "T-Bird," | : | |
| a/k/a "Reek Boy," | : | |
| ANTWON BREEDLOVE, | : | |
| a/k/a "Haywire," | : | |
| EMMANUEL JONES, | : | |
| a/k/a "Killer," | : | |
| a/k/a "Killer E," | : | |
| a/k/a "Emo," | : | |
| SALEEN NEAL, | : | |
| a/k/a "S Bang," | : | |
| HALEEK STATE, | : | |
| a/k/a "H.O.," | : | |
| LARRY MAYO, | : | |
| a/k/a "Little Dark Angel," | : | |
| a/k/a "D.A.," | : | |
| JOHN BENNING, | : | |
| a/k/a "Hood," | : | |
| TEQUAN RYALS, | : | |
| a/k/a "T Brim," | : | |
| MICHAEL MCCLOUD, | : | |
| a/k/a "Ike Brim," | : | |
| RICKY COLEMAN, | : | |
| a/k/a "Pool Stick," | : | |
| a/k/a "Sticks," | : | |
| MARCKESE STEWART, | : | |
| a/k/a "Shark," and | : | |
| RICHARD FIELDS, | : | |
| a/k/a "P.O." | : | |

This matter having been opened to the Court on the joint application of Paul J. Fishman, United States Attorney for the District of New Jersey (by Melissa Jampol, Lisa Colone, and Robert Frazer, Assistant U.S. Attorneys, appearing) and defendants VINCENT YOUNG (by Gregory Tomczak, Esq., appearing), ALTARIQ GUMBS (by Thomas Ambrosio, Esq., appearing), MARY HOLMES (by Kenneth Kayser, Esq., appearing), TORIEN BROOKS (by Thomas F.X. Dunn, Esq., and Mitchell Golub, Esq., appearing), ANTWON BREEDLOVE (by Joshua Cohn, Esq., appearing), EMMANUEL JONES (by Paul Condon, Esq., and David Ruhnke, Esq., appearing), SALEEN NEAL (by Susan Cassell, Esq., appearing), HALEEK STATE (by Alexander Booth, Esq., appearing), LARRY MAYO (by Donna Newman, Esq., appearing), JOHN BENNING (by Michael Calabro, Esq., appearing), TEQUAN RYALS (by Stephen Dratch, Esq., appearing), MICHAEL MCCLOUD (by James Patton, Esq., appearing), RICKY COLEMAN (by Muhammad Bashir, Esq., appearing), MARCKESE STEWART (by Bruce Rosen, Esq., appearing), and RICHARD FIELDS (by Ruth Liebesman, Esq., appearing), and good cause having been shown, the Court makes the following findings:

1.  For the reasons set forth below, this case is sufficiently complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by Title 18, United States Code, Section 3161:

a.   the Second Superseding Indictment charges a homicide, as well as separate racketeering activity, including acts involving robbery, attempted murder, and narcotics distribution, among others; accordingly, the gravity and magnitude of this case render it complex;

b.   a trial in this matter is likely to involve a very large number of witnesses and significant amounts of evidence (including recordings from multiple wiretaps), and is therefore likely to be lengthy; accordingly, counsel requires additional time to prepare adequate defenses to the charges in the Second Superseding Indictment; and

c.   due to the nature of the allegations and statutes involved, it is likely there will be substantial pre-trial motions regarding questions of law and fact.

2.   The ends of justice served by a continuance of the trial date in this matter until September 26, 2011 outweigh the interest of the public and the defendants in a speedy trial.

IT IS, therefore, on this 22nd day of Feb. ~~January~~ 2011,

ORDERED, for the reasons set forth above, and with the consent of the attorneys for the defendants, that the trial date in this matter is continued until September 26, 2011 and that the period of time from January 24, 2011 through September 26, 2011 shall be excluded for the purposes of computing time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(ii), and (h)(7)(B)(iv); and it is further

ORDERED that:

1.   Discovery will be provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as ordered below in the Court's Order For Discovery and Inspection, on or before **March 28, 2011;**

2.   The defendants shall file pretrial motions on or before **June 13, 2011;**

3.   The Government shall respond to any such motions on or before **July 25, 2011;**

4.   The return date for pretrial motions shall be **September 8, 2011**; and

5.   Trial shall commence on **September 26, 2011 at 10:00 a.m.**; and it is further

ORDERED that the Court's Order for Discovery and Inspection in this case shall be as follows:

In order to eliminate unnecessary motions for discovery in this case, to eliminate delays in the presentation of evidence and the examination of witnesses and to expedite the trial pursuant to the provisions of the Speedy Trial Act of 1974,

IT IS ORDERED:

1.   **CONFERENCE**.   On or before **March 28, 2011**, the United States Attorney or one of his or her assistants and the defendants' attorneys shall meet and confer and the government shall:

(a)   Permit defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant, or copies hereof, within the possession, custody or control of the government, the existence of which is known, or may become known, to the attorney for the government;

(b)   Permit defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or may become known, to the attorney for the government;

(c)   Permit defendant's attorney to inspect and copy or photograph any recorded testimony of the defendant before a grand jury;

(d)   Permit the defendant's attorneys to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody, or control of the government;

(e)   Permit the defendant's attorney to inspect and copy or photograph the defendant's prior criminal record in the possession of the attorney for the government;

(f)   Permit the defendant's attorney to inspect, copy or photograph any exculpatory evidence within the purview of <u>Brady v. Maryland</u>.

(g)   If there is more than one defendant named in the indictment, and if the government intends to introduce into evidence in its case in chief a confession made to law enforcement authorities by one defendant which names or makes mention of a co-defendant, then the government must make a copy of that statement or confession available to counsel for the non-declarant defendant, along with a proposal for its redaction to conform with the requirements of <u>Bruton v. United states</u>.  If the government makes no such disclosure and turnover within the time period allowed, the confession may not be received at a joint trial of the declarant and non-declarant defendants.  If, within ten (10) days after receipt of the

confession and its redacted version, counsel
for the non-declarant defendant makes no
objection to the redacted statement, he or
she will be deemed to have acceded to the
receipt of the redacted statement into
evidence.

(h)   The obtaining of discovery by a
defendant or his or her attorney as provided
in paragraph 1(b) and 1(d) shall be deemed a
request for discovery for purposes of Rule
16(b), <u>F.R.Cr.P.</u>   In the event the defendant
wishes to decline all or part of the
discovery required to be provided in
paragraph 1(b) and 1(d), he or she shall so
notify the United States Attorney or one of
his or her assistants prior to obtaining such
discovery.   In the event the defendant
declines discovery, the government shall have
no obligation to provide discovery under the
provisions of paragraph 1(b) or 1(d) of this
Order.

2.   **<u>DISCLOSURE DECLINED.</u>**   If, in the judgment of the
United States Attorney, it would be detrimental to the interests
of justice to make any disclosures set forth in paragraph 1,
disclosure may be declined, and defense counsel advised in
writing of the declination within five (5) days of the
conference.

If the defendant seeks to challenge the declination he
or she may move the court for relief in the following manner:

(a)   No later that five (5) court days
from the time that the government declines,
the defendant shall files a motion for
discovery or inspection.

(b)   The motion shall notice a hearing
on the next appropriate motion day pursuant
to the provisions of General Rule 12 of the
General Rules of this court.

(c)   The motion shall set forth (1) the
statement that the prescribed conference was
held; (2) the date of the conference; (3) the
name of the Assistant United States Attorney
with whom the conference was held; (4) the
matters which were agreed upon; and (5) the
matter which are in dispute and which
required the determination of the court.

3.   **CONTINUING DUTY.**   Any duty or disclosure and discovery set forth herein is a continuing one and the United States Attorney shall produce any additional information gained by the government.

4.   **EXHIBITS.**   The government shall **pre-mark** all exhibits which it intends to introduce as part of its direct case and shall permit defendants' attorneys to inspect and copy these exhibits 30 days prior to the commencement of trial.   A set of such pre-marked exhibits with an exhibit list should be turned over to the deputy clerk before or at the outset of trial. Unless declined by notice to the United States Attorney or one of his or her assistants, the opportunity to inspect and copy the government's exhibits shall be deemed a request for discovery for purposes of Rule 16(b), F.R.Cr.P.  The defendants' exhibits shall also be **pre-marked** but need not be disclosed until actually used at trial or when ordered by the court.   The government shall also **pre-mark** all Jencks Act materials so that no trial delay is encountered by marking such materials at the time of turnover to defendants' counsel.

5.   **AUTHENTICITY OF EXHIBITS.**   The authenticity of all exhibits examined by defense counsel pursuant to the provisions of paragraph 4 of this Order will be deemed to have been accepted by the defendant unless defense counsel files with the court, 14 days prior to the date of trial, a notice that the authenticity of the exhibits will be contested by the defendant at trial, together with a statement delineating why the authenticity of the exhibits is being challenged together with a certification that the challenge to authenticity is being made in good faith.

6.   **CHAIN OF POSSESSION.**   When defense counsel has examined an exhibit pursuant to the provisions of paragraph 4 of this Order, the chain of possession of the exhibit will be deemed to have been accepted the defendant unless defense counsel files with the court, 14 days prior to the date of trial, a notice that the chain of possession of the exhibit will be contested by the defendant at trial together with a statement delineating that the exhibit is being so challenged and a certification that the challenge is being made in good faith.

7.   **SCIENTIFIC ANALYSIS.**   When the government has disclosed to defense counsel, at the conference set forth in paragraph 1, the scientific analysis of an exhibit proposed to be introduced at the trial by the government, which analysis has been determined by an expert in the field of science involved, then the scientific analysis of the exhibit will be deemed admitted unless defense counsel files with the court prior to fourteen (14) days of the trial a notice that the scientific analysis of the exhibit will be contested.

fourteen (14) days of the trial a notice that the scientific analysis of the exhibit will be contested.

      8.   **<u>OTHER MOTIONS BY DEFENDANT.</u>**  Motions regarding defenses or objections permitted pursuant to Rules 12 and 41(e), <u>F.R.Cr.P.</u>, including <u>inter</u> <u>alia</u> motions for suppression of evidence, shall be made within thirty (30) days from the date hereof unless good cause for delay is shown.  In the case of discovery matters covered by other provisions of this Order, the time and procedure specified in such provisions shall govern.

THIS AMENDMENT IS IN ACCORDANCE WITH LOCAL RULE 12 F.

      9.  Ordered that <u>proposed voir dire</u> questions and <u>requests to charge</u> be furnished to the Court 10 days **prior** to the date of trial.


_____

HON. STANLEY R. CHESLER
United States District Judge


_____
Gregory Tomczak, Esq.
Attorney for Vincent Young


_____
Thomas Ambrosio, Esq.
Attorney for Altariq Gumbs


_____
Kenneth Kayser, Esq.
Attorney for Mary Holmes


_____
Thomas F.X. Dunn, Esq.
Attorney for Torien Brooks

8.   **OTHER MOTIONS BY DEFENDANT.**   Motions regarding defenses or objections permitted pursuant to Rules 12 and 41(e), F.R.Cr.P., including inter alia motions for suppression of evidence, shall be made within thirty (30) days from the date hereof unless good cause for delay is shown.   In the case of discovery matters covered by other provisions of this Order, the time and procedure specified in such provisions shall govern.

THIS AMENDMENT IS IN ACCORDANCE WITH LOCAL RULE 12 F.

9.   Ordered that proposed voir dire questions and requests to charge be furnished to the Court 10 days **prior** to the date of trial.

_____
HON. STANLEY R. CHESLER
United States District Judge

_____
                    , Esq.
Attorney for Vincent Young

_____
Thomas Ambrosio, Esq.
Attorney for Altariq Gumbs

_____
Kenneth Kayser, Esq.
Attorney for Mary Holmes

_____
Thomas F.X. Dunn, Esq.
Attorney for Torien Brooks

8.   **OTHER MOTIONS BY DEFENDANT.**   Motions regarding defenses or objections permitted pursuant to Rules 12 and 41(e), F.R.Cr.P., including inter alia motions for suppression of evidence, shall be made within thirty (30) days from the date hereof unless good cause for delay is shown.   In the case of discovery matters covered by other provisions of this Order, the time and procedure specified in such provisions shall govern.

THIS AMENDMENT IS IN ACCORDANCE WITH LOCAL RULE 12 F.

9.   Ordered that proposed voir dire questions and requests to charge be furnished to the Court 10 days **prior** to the date of trial.

_____
HON.  STANLEY R. CHESLER
United States District Judge


_____, Esq.
Attorney for Vincent Young


_____
Thomas Ambrosio, Esq.
Attorney for Altariq Gumbs


_____
Kenneth Kayser, Esq.
Attorney for Mary Holmes


_____
Thomas F.X. Dunn, Esq.
Attorney for Torien Brooks

8.   **OTHER MOTIONS BY DEFENDANT.**   Motions regarding defenses or objections permitted pursuant to Rules 12 and 41(e), F.R.Cr.P., including inter alia motions for suppression of evidence, shall be made within thirty (30) days from the date hereof unless good cause for delay is shown.   In the case of discovery matters covered by other provisions of this Order, the time and procedure specified in such provisions shall govern.

THIS AMENDMENT IS IN ACCORDANCE WITH LOCAL RULE 12 F.

9.   Ordered that proposed voir dire questions and requests to charge be furnished to the Court 10 days **prior** to the date of trial.

_____
HON. STANLEY R. CHESLER
United States District Judge


_____, Esq.
Attorney for Vincent Young


_____
Thomas Ambrosio, Esq.
Attorney for Altariq Gumbs


_____
Kenneth Kayser, Esq.
Attorney for Mary Holmes


_____
Thomas F.X. Dunn, Esq.
Attorney for Torien Brooks

_____
Joshua Cohn, Esq.
Attorney for Antwon Breedlove


_____
Paul Condon, Esq.
Attorney for Emmanuel Jones


_____
Susan Cassell, Esq.
Attorney for Saleen Neal


_____
Alexander Booth, Esq.
Attorney for Haleek State


_____
Donna Newman, Esq.
Attorney for Larry Mayo


_____
Michael Calabro, Esq.
Attorney for John Benning

Joshua Cohn, Esq.
Attorney for Antwon Breedlove

_____
Paul Condon, Esq.
Attorney for Emmanuel Jones

_____
Susan Cassell, Esq.
Attorney for Saleen Neal

_____
Alexander Booth, Esq.
Attorney for Haleek State

_____
Donna Newman, Esq.
Attorney for Larry Mayo

_____
Michael Calabro, Esq.
Attorney for John Benning

- 9 -

_____
Joshua Cohn, Esq.
Attorney for Antwon Breedlove


_____
Paul Condon, Esq.
Attorney for Emmanuel Jones


_____
Susan Cassell, Esq.
Attorney for Saleen Neal


_____
Alexander Booth, Esq.
Attorney for Haleek State


_____
Donna Newman, Esq.
Attorney for Larry Mayo


_____
Michael Calabro, Esq.
Attorney for John Benning

_____
Joshua Cohn, Esq.
Attorney for Antwon Breedlove


_____
Paul Condon, Esq.
Attorney for Emmanuel Jones


_____
Susan Cassell, Esq.
Attorney for Saleen Neal

_____
Alexander Booth, Esq.
Attorney for Haleek State


_____
Donna Newman, Esq.
Attorney for Larry Mayo


_____
Michael Calabro, Esq.
Attorney for John Benning

- 9 -

_____
Joshua Cohn, Esq.
Attorney for Antwon Breedlove


_____
Paul Condon, Esq.
Attorney for Emmanuel Jones


_____
Susan Cassell, Esq.
Attorney for Saleen Neal


_____
Alexander Booth, Esq.
Attorney for Haleek State


_____
Donna Newman, Esq.
Attorney for Larry Mayo


_____
Michael Calabro, Esq.
Attorney for John Benning

_____
Joshua Cohn, Esq.
Attorney for Antwon Breedlove


_____
Paul Condon, Esq.
Attorney for Emmanuel Jones


_____
Susan Cassell, Esq.
Attorney for Saleen Neal


_____
Alexander Booth, Esq.
Attorney for Haleek State


_____
Donna Newman, Esq.
Attorney for Larry Mayo


_____
Michael Calabro, Esq.
Attorney for John Benning

_____
Stephen Dratch, Esq.
Attorney for Tequan Ryals


_____
James Patton, Esq.
Attorney for Michael McCloud


_____
Muhammad Bashir, Esq.
Attorney for Ricky Coleman


_____
Bruce Rosen, Esq.
Attorney for Marckese Stewart


_____
Ruth Liebesman, Esq.
Attorney for Richard Fields


- 10 -

Stephen Dratch, Esq.
Attorney for Tequan Ryals

James Patton, Esq.
Attorney for Michael McCloud

Muhammad Bashir, Esq.
Attorney for Ricky Coleman

Bruce Rosen, Esq.
Attorney for Marckese Stewart

Ruth Liebesman, Esq.
Attorney for Richard Fields

- 10 -

Stephen Dratch, Esq.
Attorney for Tequan Ryals


James Patton, Esq.
Attorney for Michael McCloud


Muhammad Bashir, Esq.
Attorney for Ricky Coleman


Bruce Rosen, Esq.
Attorney for Marckese Stewart


Ruth Liebesman, Esq.
Attorney for Richard Fields

- 10 -

_____
Stephen Dratch, Esq.
Attorney for Tequan Ryals


_____
James Patton, Esq.
Attorney for Michael McCloud


_____
Muhammad Bashir, Esq.
Attorney for Ricky Coleman


_____
Bruce Rosen, Esq.
Attorney for Marckese Stewart


_____
Ruth Liebesman, Esq.
Attorney for Richard Fields

- 10 -

_____
Stephen Dratch, Esq.
Attorney for Tequan Ryals


_____
James Patton, Esq.
Attorney for Michael McCloud


_____
Muhammad Bashir, Esq.
Attorney for Ricky Coleman


_____
Bruce Rosen, Esq.
Attorney for Marckese Stewart


_____
Ruth Liebesman, Esq.
Attorney for Richard Fields

- 10 -