NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : | Criminal Action No. 07-143 (SRC) |
| v. | : : : | OPINION |
| EMMANUEL JONES | : : : |  |

**CHESLER**, District Judge

    This matter comes before the Court on a motion for reconsideration, brought by Defendant Emmanuel Jones ("Defendant"), of the denial of his compassionate release motion pursuant to 18 U.S.C. § 3582. The Court, having considered the papers filed by Defendant, proceeds to rule on the motion without oral argument. For the reasons that follow, the Court will deny Defendant's motion.

    On December 13, 2022, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. The Court denied the motion on April 18, 2023, in part because Defendant failed to identify an extraordinary and compelling circumstance justifying relief. Among other things, the Court rejected Defendant's argument that section 608 of the First Step Act extends the holding of Miller v. Alabama, 567 U.S. 460, 465 (2012)—that the Eighth Amendment prohibits sentences of life without parole to minors under the age of 18—to anyone under 21 years of age at the time of the relevant offense. The Court also concluded that the 18 U.S.C. § 3553(a) sentencing factors did not justify reducing his sentence.

    In his motion for reconsideration, Defendant argues a change in the law could be an extraordinary and compelling circumstance. In support of this proposition, Defendant cites to

recent amendments to the Sentencing Guidelines and Concepcion v. United States, 142 S. Ct. 2389 (2022).

Even if the Court were to assume a change in the law could be an extraordinary and compelling circumstance, Defendant has not demonstrated a change in any law governing his sentence. His motion for reconsideration does not point to any specific change in the law. In his initial motion, he argued the passage of the First Step Act, specifically section 608, was a change in the law which constitutes an extraordinary and compelling circumstance. The Court rejected this argument because section 608 did not change sentencing laws. Section 608 defines "youth" in relation to Bureau of Prisons mentorship programs. It does not address sentencing. Nothing in Defendant's motion for reconsideration suggests otherwise. See First Step Act of 2018, Pub. L. No. 115-391, § 608(c), 132 Stat. 5194, 5245; see also United States v. Melendez, 534 F. Supp. 3d 172, 175 (D. Mass 2021) (rejecting the argument that section 608 expanded the age range of defendants who qualify for sentencing as a juvenile). The Court cannot ascertain from Defendant's papers any other purported change in the law which could constitute an extraordinary and compelling circumstance. As Defendant has not shown an extraordinary and compelling circumstance, his motion for reconsideration must be denied.

Even if Defendant did show an extraordinary and compelling circumstance through a purported change in the law, the Court would still be required to consult the 18 U.S.C. § 3553(a) sentencing factors to determine whether "reducing the defendant's sentence would be appropriate." United States v. Jones, No. 14-463, 2021 WL 3732877, at *2 (D.N.J. Aug. 24, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court previously determined the § 3553(a) factors did not warrant reducing Defendant's sentence. The Court considered all the § 3553(a) factors, and it

discussed in detail the seriousness of Defendant's conduct, Defendant's age at the time of the offense, the deterrence offered by his initial sentence, and the sentences of similarly situated defendants. (ECF No. 453). Nothing in Defendant's motion for reconsideration addresses the § 3553(a) factors, and the Court finds there is no reason to disturb its initial analysis.

For the foregoing reasons, the Court will deny Defendant's motion for reconsideration. An appropriate order will be filed.

  s/ Stanley R. Chesler  
  STANLEY R. CHESLER  
  United States District Judge

Dated:  May 16, 2023